UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| Joel Bagley | ) | |
|    Plaintiff | ) | |
| | ) | Civil Action |
| V. | ) | |
| | ) | No. _____ |
| Jennifer Ann, LLC | ) | |
| | ) | |
|    Defendant | ) | |

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes the Plaintiff in the above-entitled matter and for his complaint states:

General Factual Allegations

1. The Plaintiff, Client, is a resident of Rumford, County of Oxford, State of Maine.

2. The Defendant, Employer, is a corporation, duly organized and existing under the laws of the State of New Hampshire. It may be served through its registered agent Jonathan Shafmaster at 158 Shattuck Way, Newington, NH 03801.

3. On or about November 19, 2020, Jennifer Ann, LLC, Plaintiff's employer, was doing business within the State of New Hampshire.

4. On or about November 19, 2020, Plaintiff employed by Defendant, Jennifer Ann, LLC as a Jones Act seaman.

5. On or about November 19, 2020, Plaintiff was employed by Defendant, Jennifer Ann, LLC, as a seaman, and a member of the crew of the M/V Jennifer Ann.

6. On or about November 19, 2020, Defendant, Jennifer Ann, LLC, owned the M/V Jennifer Ann.

7. On or about November 19, 2020, Defendant, Jennifer Ann, LLC, operated the M/V Jennifer Ann.

8. On or about November 19, 2020, Defendant, Jennifer Ann, LLC, or the Defendant's agents, servants, and/or employees, controlled the M/V Jennifer Ann.

9. On or about November 19, 2020, the M/V Jennifer Ann was in navigable waters.

10. On or about November 19, 2020, while in the in the performance of his duties in the service of the M/V Jennifer Ann, Plaintiff sustained personal injuries.

11. Prior to and at the time he sustained the above-mentioned personal injuries, Plaintiff was exercising due care. Specifically, Plaintiff was lowering a lobster trawl line in the North Atlantic. Plaintiff was tasked with guiding the line over the side of the vessel. As the line gained speed, a loop in the line caught Plaintiff around his neck and pulled him overboard. He was dragged down, but managed to cut himself free with a knife. He suffered neck, back, head, and shoulder injuries as a result.

## Jurisdiction

12. Pursuant to 28 U.S.C. §1331, this Court has original subject matter jurisdiction over this matter pursuant to The Merchant Marine Act of 1920, commonly called the Jones Act, 46 U.S.C., §30104, et. seq. (formerly §688 et. seq.).

13. Pursuant to 28 U.S.C. §1367, this Court has and Plaintiff invokes supplemental jurisdiction over the Unseaworthiness and Maintenance & Cure Claims asserted by the Plaintiff against Jennifer Ann, LLC within Counts II, and III of this Complaint. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332.

## COUNT I

### Client v. Employer

### (JONES ACT NEGLIGENCE)

15. Plaintiff, reiterates the allegations set forth in paragraphs 1 through 13 above.

16. The personal injuries sustained by Plaintiff were not caused by any fault on his part but were caused by the negligence of the Defendant, its agents, servants and/or employees.

17. As a result of said injuries, Plaintiff has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

18. This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

WHEREFORE, the Plaintiff, Client, demands judgment against the Defendant, Employer, in an amount to be determined by a Jury together with interest and costs.

## COUNT II

### Client v. Employer

### (GENERAL MARITIME LAW  -  UNSEAWORTHINESS)

19. Plaintiff reiterates the allegations set forth in paragraphs 1 through 13 above.

20. The personal injuries sustained by Plaintiff were due to no fault of his, but were caused by the Unseaworthiness of the M/V Jennifer Ann.

21. As a result of said injuries, Plaintiff has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

22. This cause of action is brought under the General Maritime Law for Unseaworthiness and is for the same cause of action as Count I.

WHEREFORE, the Plaintiff, Client, demands judgment against Defendant in an amount to be determined by a Jury, together with interest and costs.

## COUNT III

### Client v. Employer

(GENERAL MARITIME LAW - MAINTENANCE and CURE)

23. Plaintiff reiterates all of the allegations set forth in Paragraphs 1 through 13 above.

24. As a result of the personal injuries described in paragraph 11 above, the Plaintiff, Client, has incurred and will continue to incur expenses for his maintenance and cure.

WHEREFORE Plaintiff demands judgment against the Defendant, Employer, in the amount of $30 dollars per day maintenance and unpaid cure, together with costs and interest.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES

RAISED IN COUNTS, I, II, AND III.

Respectfully submitted for the
the Plaintiff, Client,
by his attorney,

SHAHEEN & GORDON, P. A.

Dated: September 14, 2021

Anthony M. Carr (NH Bar #267623)
353 Central Ave.
P.O. Box 977
Dover, NH 03821-0977
acarr@shaheengordon.com

Paul Skrabanek  
Pierce Skrabanek, PLLC  
3701 Kirby Dr., Ste 760  
Houston, TX 77098  
(832) 690-7000  
(832) 616-5576 (Fax)